**Stephen BEECHER and B & B Electric Contractors, Inc., Plaintiffs–Appellants,**

v.

**DEPARTMENT OF CONSUMER PROTECTION FOR CT, Edwin Rodriguez, Comm, I/O, Occupational & Professional Licensing Div of Consumer Protection, Richard Hulburt, Dir, I/O, Electrical Work Examining Ed for CT, I/O, Laurence Vallieres, Ind and Commissioner of DCP Edwin Rodriguez, individual capacity, Defendants–Appellees.**

No. 06–4852–cv.

United States Court of Appeals,
Second Circuit.

April 23, 2008.

Richard M. Franchi, New Haven, Conn., for Plaintiffs–Appellants.

Robert W. Clark, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, Conn., for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Stephen Beecher and B & B Electric Contractors, Inc. ("Appellants") filed a complaint in district court, suing various Connecticut state officials and the state's Electrical Work Examining Board ("Appellees"), under 42 U.S.C. § 1983. Appellants claim violations of their procedural and substantive due process rights. They seek monetary damages, fees and costs, a declaratory judgment, and various forms of injunctive relief. On September 21, 2006, judgment was entered dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in the alternative, on qualified immunity, sovereign immunity, and abstention grounds under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in light of the ongoing litigation in state court on similar issues. Beecher and B & B appeal this judgment. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 89 (2d Cir.2004), and construes "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).[1]

---

1. Appellants argue that the district court, in conducting its 12(b)(6) analysis, reviewed materials that could be considered only at sum-

Appellants' first claim is that the Appellees, in the course of the administrative proceedings in front of the Examining Board, made procedural errors that violated Appellants' substantive due process rights. "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege government conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy,* 401 F.3d 75, 93 (2d Cir.2005) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). The errors alleged by Appellants do not come close to meeting this high standard.

Appellants also argue that Appellees have violated their procedural due process rights. Assuming, *arguendo,* that the Appellees were acting under color of state law, and that Beecher and B & B were deprived of constitutionally protected property interests, the alleged violations of state-mandated procedures do not amount to a procedural due process violation. *Cf. Duchesne v. Sugarman,* 566 F.2d 817, 827 (2d Cir.1977) ("Of course, this apparent violation of state law is not necessarily a basis for a § 1983 claim; there must also be a constitutional deprivation."). In this case, adequate notice, a pre-deprivation hearing, and post-deprivation administrative appeals to the Connecticut state courts were provided. *See Rivera–Powell v. N.Y. City Bd. of Elections,* 470 F.3d 458, 466–67 (2d Cir.2006) (holding that a pre-deprivation hearing, followed by the opportunity to obtain full judicial review, was adequate to satisfy due process).

In the period between the decision of the district court and argument in this

appeal, the Connecticut Appellate Court issued its opinion in *Beecher v. State Electrical Work Examining Board,* 104 Conn. App. 655, 934 A.2d 852 (App.Ct.2007), *aff'g* No. HHBCV054004588, 2006 WL 1917678 (Conn.Super.Ct. Jun. 20, 2006), and the Connecticut Supreme Court denied Appellant's petition for certification of appeal in *Beecher v. State Electrical Work Examining Board,* 285 Conn. 920, 943 A.2d 1100 (2008). The Connecticut Appellate Court affirmed the dismissal by the trial court of Beecher and B & B's appeal of the Examining Board's decision to revoke Beecher's electrical license. As the litigation in state court has been completed, the *Younger* analysis no longer applies in this case. *See Pathways, Inc. v. Dunne,* 329 F.3d 108, 113–14 (2d Cir.2003). Because, however, this case fails to raise a claim upon which relief may be granted, it is unnecessary to address questions—potentially raised by this state court decision though not argued by the parties—of issue or claim preclusion.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

mary judgment. As we review a dismissal under 12(b)(6) *de novo,* any error is harmless.

**2.** As we affirm the dismissal pursuant to Rule 12(b)(6), it is unnecessary to address Appel-

lees' claims of qualified and absolute immunity, or their argument that relief is barred by the Eleventh Amendment.